**GREENBERG TRAURIG, LLP**
Jeffrey K. Joyner (SBN 180485) (joynerj@gtlaw.com)
Valerie W. Ho (SBN 200505) (hov@gtlaw.com)
Jeffrey F. Yee (SBN 193123) (yeej@gtlaw.com)
Kristin S. Dion (SBN 244182) (dionk@gtlaw.com)
Kamran Salour (SBN 247983) (salourk@gtlaw.com)
2450 Colorado Avenue, Suite 400 East
Santa Monica, California  90404
Telephone: (310) 586-7700
Facsimile: (310) 586-7800

Attorneys for Plaintiffs
Silverlit Toys Manufactory Ltd. and Spin Master Ltd

**Knobbe Martens Olson & Bear LLP**
Darrell Olson (SBN 77633) (dolson@kmob.com)
2040 Main Street, 14th Floor
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Attorneys for Defendant
Rooftop Group USA, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY, LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, | Case No. CV 08-07631-CBM (PJWx) |
| Plaintiffs and Counterdefendants, | **JOINT STIPULATED PROTECTIVE ORDER** |
| v. | |
| ROOFTOP GROUP USA, INC. a California corporation, | Judge:      Hon. Patrick J. Walsh |
| | Courtroom:  827A |
| Defendant and Counterclaimant. | |

## JOINT STIPULATED PROTECTIVE ORDER

**1.    Purposes And Limitations**

**1.1  Good Cause Exists:** The parties recognize that disclosure and discovery activity during the course of this action may require each party, and possibly third-parties, to produce or otherwise reveal highly sensitive, confidential, proprietary, or private information, including the disclosure of trade secrets[1] and other confidential research, development, commercial, or financial information that is purposely protected from disclosure to the public.  The party producing such information and/or the party such information pertains to would suffer irreparable harm if the information identified above were made available to the public.  The Producing Party's[2] interest in restricting the disclosure and use of the information identified above far outweighs the interest of the public in having access to such information.  Thus, good cause exists for entry of this Joint Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect against improper disclosure or use of confidential information produced or disclosed in this action.

**1.2  Stipulation:**  The parties, through counsel, hereby stipulate and agree to and petition the Court to enter the following Joint Stipulated Protective Order.  The parties acknowledge that this Joint Stipulated Protective Order shall govern the handling of documents, tangible objects, materials or things, deposition testimony, deposition exhibits, and all other written records, or graphic matters produced after the date of this Joint Stipulated Protective Order, whether produced pursuant to any applicable rules, written discovery requests or subpoenas, and/or used during the

---

[1] Trade secrets means "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of  efforts that are reasonable under the circumstances to maintain its secrecy."  Cal. Civ. Code § 3426.1

[2] "Producing Party" is defined in Paragraph 2.6.

1

trial or any proceeding in this action.  This Joint Stipulated Protective Order, however, does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

### 2.    Definitions

**2.1  Party:** Any party to this action, including all of its officers, directors, employees, consultants, retained experts and Outside Counsel (and their support staff).

**2.2  Disclosure or Discovery Material:** All items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, answers to interrogatories, responses to requests for admission, depositions, expert reports, briefs, memoranda, writing filed with or otherwise supplied to the Court, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**2.3  "Confidential" Material:** Information that has not been made public and that concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the production, sales, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or other organization, the disclosure of which information is likely to cause injury to the Designating Party or to the party to whom the information is confidential.

**2.4  "Highly Confidential-Outside Counsel Only" Material:** Extremely sensitive "Confidential" Material, the disclosure of which to another Party or non-Party would create a substantial risk of serious injury to the party to whom the information is confidential that could not be avoided by less restrictive means.

**2.5  Receiving Party:** A Party or non-Party that receives Disclosure or Discovery Material.

**2.6  Producing Party:** A Party or non-Party that discloses or produces Disclosure or Discovery Material in this action.

**2.7  Designating Party:** A Party or non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."  Third Parties producing Disclosure or Discovery Material pursuant to a subpoena shall have all rights granted to Designating Parties.

**2.8  Challenging Party:** A Party or non-Party that challenges the designation of information or items produced by the Designating Party.

**2.9  Protected Material:** Any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential-Outside Counsel Only."

**2.10 Confidentiality Designations:** "Confidential" or  "Highly Confidential-Outside Counsel Only."

**2.11  Outside Counsel:** Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staffs).

**2.12  House Counsel:** Attorneys who are employees of a Party.

**2.13  Counsel (without qualifier):** Outside Counsel and House Counsel.

**2.14  Expert:** A person who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

**2.15  Professional Vendors:** Persons or entities that provide litigation support services (*e.g.* photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium) and their employees and subcontractors.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

**2.16  Final Disposition:**  For purposes of this Protective Order, final disposition occurs after an order, mandate or dismissal finally terminating the

3

above-captioned action with prejudice, including all appeals, or a dismissal without prejudice in which a new pleading alleging substantially the same claims is not re-filed within ninety (90) days.

**3.     Scope**

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries or compilations thereof, plus testimony, conversations or presentations by Parties or Counsel in Court or in other settings in which Protected Material is revealed.

**4.     Duration**

Even after Final Disposition of this action as set for in Section 2.16 (above), the confidentiality obligations imposed by this Order shall remain in effect with respect to all Protected Material until the Designating Party agrees otherwise in writing or a Court otherwise directs.

**5.     Designating Protected Material**

**5.1  Who May Designate:** Any Producing Party may designate any document, material, or information as "Confidential" or "Highly Confidential-Outside Counsel Only."  In designating Information and Materials as "Confidential" or "Highly Confidential-Outside Counsel Only," Counsel for a Producing Party will make such designation only as to that information that he or she in good faith believes to be "Confidential" or "Highly Confidential-Outside Counsel Only" as defined in Paragraph 2.3. or 2.4. of this Order.  Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**5.2  Designation Requirements:** Designation in conformity with this Order requires:

**5.2.1  Document:** In the case of a document, that the Producing Party affix the legend "Confidential" or "Highly Confidential-Outside Counsel Only" on the

4

top or bottom of each page that contains Protected Material.  If the document is a bound volume, the Producing Party need affix the appropriate legend ("Confidential" or "Highly Confidential-Outside Counsel Only") only at the top or bottom of the first page of such bound volume.

**5.2.2   Examination:** As to those documents that are produced for examination for the purposes of allowing opposing counsel to determine which of those documents opposing counsel desires copies, those documents shall be treated as "Highly Confidential-Outside Counsel Only" pursuant to this Order, whether or not marked, until copies of the documents are requested and produced, at which time the produced documents and information therein shall be held pursuant to this Order based upon the designation, if any, marked upon the documents by the Producing Party.

**5.2.3   Testimony:** Testimony given in pretrial or trial proceedings, shall be subject to this Order provided the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the hearing or other proceedings, any portions of the testimony that qualify as "Confidential" or "Highly Confidential-Outside Counsel Only."  Unless all parties agree otherwise in advance, information conveyed or discussed in testimony at a deposition shall be subject to this Order and shall initially be designated "Highly Confidential-Outside Counsel Only" at the time the testimony is given.  During such time as any information or documents designated "Confidential" or "Highly Confidential-Outside Counsel Only" are disclosed in a deposition, any party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or documents pursuant to this Order.  Unless Counsel for a party states otherwise on the record, the entire deposition transcript for each deponent in this action and the information contained therein is to be treated as "Highly Confidential-Outside Counsel Only" for a period of time not to exceed 30 days after the party receives a copy of the deposition transcript, during which time the party

may designate, in writing, specific portions of the transcript "Confidential" or "Highly Confidential-Outside Counsel Only" as appropriate.  If the party fails to designate in writing any portions of the transcript as "Confidential" or "Highly Confidential-Outside Counsel Only" within the 30 day period, the other parties shall be permitted to use the transcript and the information contained therein with no restrictions of confidentiality subject to the provisions of paragraph 5.3 below.

**5.3    Inadvertent Failure To Designate:** Subject to the provisions of Paragraphs 5.2.1, 5.2.2, and 5.2.3, an inadvertent failure to designate information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only" in accordance with this Order and the failure to object to such a designation shall not preclude a party at a later time from subsequently designating or objecting to the designation of such information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only."  A Producing Party who inadvertently fails to designate certain information or documents as "Confidential" or "Highly Confidential-Outside Counsel Only" shall have a period of ten (10) business days after said disclosure to cure the error.  The Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6.    Challenging Confidentiality Designations

**6.1  Timing of Challenges:** Unless a prompt challenge to a Designating Party's Confidentiality Designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a Confidentiality Designation by electing not to mount a challenge promptly after the original designation is disclosed.

**6.2  Manner of Challenges:** A Party that objects to the designation of any document or information as "Confidential" or "Highly Confidential-Outside Counsel Only" shall provide written notice of the objection to the designating party.

The written notice of objection shall: (1) identify the Protected Material by its Bates number(s); and (2) assert what the Challenging Party believes to be the appropriate designation and the bases for that designation.  The Designating Party will then have three court days following the receipt of the Challenging Party's objection to: (1) withdraw its designation; (2) modify its designation in accordance with what the Challenging Party believes to be the appropriate designation; or (3) notify the Challenging Party in writing of the bases of its asserted designation.  The Challenging Party shall not unreasonably withhold an extension of time for the Designating Party to respond to the Challenging Party's written objection.

**6.3  Meet and Confer:** If the dispute cannot be resolved, the Challenging Party may move the Court requesting that the document(s) in question be re-designated after it receives notice of the bases of the Designating Party's asserted designation under Section 6.2.  The Challenging Party must comply with the Central District of California Local Rule 37-1 by meeting and conferring with the Designating Party to attempt to resolve the matter by agreement, provided that the 10 calendar day period will be shortened to 3 calendar days and that the meeting may occur telephonically.

**6.4.  Judicial Intervention:** A Party seeking to challenge a Confidentiality Designation must do so pursuant to Central District of California Local Rule 37-2, subject to the following shortened time periods to accommodate prompt resolution:

(a) L.R. 37-2.2: counsel for the Designating Party shall deliver or fax to Counsel for the Challenging Party the Designating Party's portion of the Joint Stipulation within three (3) court days of receipt of the Challenging Party's draft;

(b) L.R. 37-2.3: the Designating and Challenging Parties will jointly request the earliest practical hearing date with the Magistrate Judge.  If such motion is brought by the Challenging Party, the Designating party shall bear the burden of establishing the confidentiality of the document(s) in question.  Until the Court rules

on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

### 7.    Access To And Use Of Protected Material

**7.1  Basic Principles:** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

**7.2.  Disclosure of "Confidential" Information or Items:** Other than by the Disclosing Party, any information or document designated as "Confidential" shall be used solely in connection with this action and shall not be used in any other manner by a receiving Party.  Any such designated information or documents shall not be disclosed, summarized, described, communicated, or otherwise made available in whole or in part to anyone other than:

a.    the Court and court personnel;

b.    court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

c.    Outside Counsel for the parties and Outside Counsel's employees;

d.    House Counsel and no more than two employees of a Party who require the information to assist the attorneys involved in this action or to evaluate this action for settlement discussions and who have executed a Declaration in the form and scope of Exhibit A attached hereto;

e.    Experts, vendors, investigators, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than Outside Counsel is shown or receives any information or document designated as "Confidential," he or she must execute a

Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph 7.4 shall be followed;

      f.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Confidential" document or information was authored by, addressed to, or received by the person or party testifying;

      g.    such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "Confidential" he or she must (1) execute a Declaration in the form of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "Confidential" shall not be left in the possession of the person subject to this subparagraph "f", unless the person otherwise qualifies for access to such documents pursuant to this Order.

**7.3  Disclosure of "Highly Confidential-Outside Counsel Only" Information or Items:** Other than by the Producing Party, any information or document designated as "Highly Confidential-Outside Counsel Only" shall be used solely in connection with the action and shall not be used in any other manner by a receiving party.  Any such designated information or documents shall not be disclosed, summarized, described, communicated, or otherwise made available in whole or in part to anyone other than:

      a.    the Court and court personnel;

      b.    court reporters taking testimony in these actions and their necessary stenographic, videographic, and clerical personnel;

      c.    Outside Counsel for the parties and Outside Counsel's employees;

    d.  Experts, vendors, translators, jury consultants, and mock jury members that are not presently employees of a party, provided, however, that before any person other than Outside Counsel is shown or receives any information or document designated as "Highly Confidential-Outside Counsel Only" he or she must execute a Declaration in the form and scope of Exhibit A attached hereto and the procedures of Paragraph shall be followed;

    e.  persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "Highly Confidential-Outside Counsel Only" document or information was authored by, addressed to, or received by the person or party testifying;

    f.  such other persons as the parties may designate in writing by stipulation or orally agree upon on the record at a deposition in these actions, provided, however, that before such person is shown or receives any information or document designated as "Highly Confidential-Outside Counsel Only," he or she must (1) execute a Declaration in the form and scope of Exhibit A attached hereto or (2) agree orally on the record at a deposition in these actions to be bound by the terms of this Order, and further provided that any documents designated as "Highly Confidential-Outside Counsel Only" shall not be left in the possession of the person subject to this subparagraph "f", unless the person qualifies for access to such documents pursuant to this Order.

    g. one House Counsel of a Party may receive information that is designated as "Highly Confidential - Outside Counsel Only" to assist the attorneys involved in this action or to evaluate this action for settlement purposes provided that: (1) the Receiving Party identify to the Producing Party the Disclosure or Discovery Material designated as "Highly Confidential - Outside Counsel Only" that the Requesting Party requests that one of its House Counsel receives; (2) the Producing Party agrees in writing that the identified Disclosure or Discovery

Material designated as "Highly Confidential - Outside Counsel Only" may be received by one of the Receiving Party's House Counsel; and (3) the Receiving Party's House Counsel has previously executed a Declaration in the form and scope of Exhibit A attached hereto.  The Producing Party will have three (3) Court days from the date of the Requesting Party's request to either: (i) agree, in writing, that the Disclosure or Discovery Material designated as "Highly Confidential - Outside Counsel Only" may be received by one of the Receiving Party's House Counsel; or (ii) deny, in writing, the Requesting Party's request along with the reason(s) for denying the Requesting Party's request.  The Producing Party agrees that a reasonable request will not be denied.

**7.4  Procedures for Approving Disclosure of Protected Material or Items to Experts:**

(a) The attorneys of record for each of the parties shall retain the original, executed Declarations (in the form of Exhibit A hereto) that have been executed by that party and/or its employees and that party's witnesses, experts, vendors, translators, and jury consultants.  It shall be sufficient for an expert, investigator, and jury consultant to execute the Declaration on behalf of the members and employees of his or her firm; no additional Declarations are necessary from such members and employees.

(b) Prior to disclosure of any documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to any testifying experts, a copy of the executed Declaration shall be served upon opposing counsel (with a copy of such person's curriculum vitae, such person's current employer, a general statement of any prior or current relationship or connection with either party, and a list of all cases in which such person has been deposed or testified as an expert during the past four years).

(c) Opposing Counsel shall make any objections to the disclosure to the expert in writing no later than seven (7) Court days from the date of receipt.  The

written objection must set forth in detail the grounds on which it is based. Any such objections to the disclosure must be in good faith and not interposed for purposes of delay or harassment.

(c) A Party that receives a timely written objection must comply with the Central District of California Local Rule 37-1 by meeting and conferring with the Designating Party to try to resolve the matter by agreement, provided that the 10 calendar day period will be shortened to 3 calendar days and that the meeting may occur telephonically.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion seeking permission from the Court to do so.  Any such motion must comply with Central District of California Local Rule 37-2, subject to the following shortened time periods to accommodate prompt resolution:

(i) L.R. 37-2.2 Counsel for the Disclosing Party shall deliver or fax to Counsel for the Challenging Party the Disclosing Party's portion of the Joint Stipulation within three (3) court days of receipt of the Challenging Party's draft.

(ii) L.R. 37-2.3 The Disclosing and Challenging Parties will jointly request the earliest practical hearing date with the Magistrate Judge.  If such motion is brought by the Challenging Party, the Disclosing Party shall bear the burden of establishing that disclosure to the expert is proper.  Until the Court rules on the challenge, the Disclosing Party shall not disclose any documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to the expert.

No such disclosure shall occur until the objection is resolved or the Court grants a motion permitting the disclosure.  The burden to file any such motion is on the party that seeks to disclose documents or information designated "Confidential" or "Highly Confidential-Outside Counsel Only" to an expert.

**8.      Inadvertent Production**

1    (a) The Parties agree that inadvertent production of documents, items or

2  information subject to work product immunity, the attorney-client privilege or any

3  other privilege or immunity shall not constitute a waiver of the immunity or

4  privilege provided that the Producing Party notifies the Receiving Party in writing of

5  such inadvertent production immediately upon learning of same.

6    (b) If the Receiving Party disagrees with the Producing Party's recall request

7  pursuant to section 8(a), the Receiving Party shall move to compel production of the

8  recalled documents, items, or information no more than seven (7) Court days after

9  receiving the recall request.  The Receiving Party must promptly return, sequester,

10  or destroy the recalled documents and any copies it has and shall not review or use

11  recalled documents, items or information for any purpose until the Court makes a

12  ruling on the emotion to compel.

13    (c) If the Receiving Party does not file a motion to compel within seven (7)

14  Court days after receiving the recall request, the Receiving Party shall thereafter

15  immediately destroy all copies of the recalled documents, items or information in its

16  possession and confirm that it has done so.

17    (d) Where a Receiving Party believes, or should reasonably believe, that the

18  Producing Party has inadvertently produced documents, items or information subject

19  to the work-product immunity, attorney-client privileges, or any other immunity or

20  privilege, the Receiving Party shall not review (other than for the purpose of

21  evaluating its privileged nature or to comply with section 8(b) above) or use the

22  potentially privileged or immune documents, items, or information for any purpose,

23  but shall promptly notify the Producing Party in writing, such notification to include

24  the Bates numbers of the potentially privileged or immune documents, items or

25  information.

26    (e) Within seven (7) Court days of receiving written notification pursuant to

27  section 8(d) above, the Producing Party may request a recall of all or some of such

28  documents, items or information.  If the Producing Party does not request a recall

within this time period, the Producing Party shall be deemed to have waived any privilege or immunity with respect to those documents, items, or information that are not recalled.  If the Producing Party does request a recall, the procedures stated in Section 8(b) and (c), above, shall apply.

**9.  Filing Protected Material:** The parties agree this Order alone does not justify filings under seal.  Any party wishing to file pleadings or other documents under seal will file an application with the Court, that complies with the requirements of Local Rule 79-5.

**10.  Final Disposition**

Unless otherwise permitted herein, within sixty (60) days after the Final Disposition of the action, all documents (originals and copies) designated as "Confidential" or "Highly Confidential-Outside Counsel Only," and all excerpts therefrom in the possession, custody, or control of parties other than the Producing Party, and experts, investigators, advisors, or consultants shall be destroyed or returned to Counsel for the Producing  Party. Outside Counsel for parties other than the Producing  Party may retain one copy of each document, pleading, brief, trial exhibit, deposition exhibit, work product, and transcript embodying documents or information designated as "Confidential" or "Highly Confidential-Outside Counsel Only" for archival purposes only, but shall destroy or return all additional copies of such documents, pleadings, briefs, trial exhibits, deposition exhibits, work product, and transcripts.  Upon request, the parties and their Counsel shall separately provide written certification to the Producing Party within sixty (60) days after the final disposition of these actions that the actions required by this paragraph have been completed.

**11. Miscellaneous**

**11.1  Right To Further Relief:** The Court shall retain jurisdiction over the parties for the purpose of ensuring compliance with this Order and granting such amendments, modifications, and additions to this Order and such other and further

14

relief as may be necessary, and any party may apply to the Court at any time for an amendment, modification, or addition to this Order.  This Order shall survive the final disposition of the action, by judgment, dismissal, settlement, or otherwise.

**11.2  Protected Material Ordered Produced In Another Litigation:** A party in receipt of documents or information designated as confidential hereunder who is requested or required to disclose the document or information pursuant to any law, regulation, order, or rule of any governmental authority, shall make reasonable efforts to promptly notify (in writing) the parties, through their Counsel, to provide them sufficient time to limit or oppose such disclosure.  In no event shall such notice be less than ten (10) business days before such disclosure is required.

**11.3  Unauthorized Disclosure of Protected Material:** In the event that anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved party may apply immediately to obtain injunctive relief against any such violation or threatened violation, and in the event the aggrieved party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved party possesses an adequate remedy at law.

**11.4  Right to Assert Other Objections:** Neither this Order nor any stipulation therefore, nor any disclosure or use of information or documents, in whatever form, pursuant to this Order, shall be deemed an admission, waiver, or agreement by any party that any information or documents designated as "Confidential" or "Highly Confidential-Outside Counsel Only" hereunder is or is not a trade secret or confidential information for purposes of determining the merits of any claims any party may have against one another or a third party.  Neither this Order nor any stipulation therefore shall be deemed to expand the scope of discovery in these actions beyond the limits otherwise prescribed by law, nor to enlarge the scope of discovery to matters unrelated to these actions.

1  Nothing in the order shall be construed to affect the admissibility of any document,
2  material, or information at any trial or hearing; any request for confidentiality,
3  closure, or sealing of any hearing or trial must be made to the judge then presiding
4  over this action.  A party intending to introduce confidential information or
5  documentation at any hearing or trial in this action will approach the bench for a
6  ruling on how the information or documentation is to be treated.

7  **11.5  Right To Amend:** Either party may request any reasonable amendment
8  to this Order to facilitate the efficient and appropriate handling of "Confidential"
9  and "Highly Confidential-Outside Counsel Only." Any amendment to this Order
10  must be entered by the Court to be effective.

11  **11.6  Subpoena From Non-Party:** If a Receiving Party in possession of
12  Protected Material receives a subpoena or other request from a non-party to this
13  action seeking production or other disclosure of such Protected Material, the
14  Receiving Party shall immediately give written notice to the Producing Party,
15  specifying  the Protected Material sought and enclosing a copy of the request,
16  subpoena, or other form of compulsory process.  The Receiving Party shall not
17  produce or otherwise disclose and Protected Material without prior written authority
18  from the Producing Party or this Court.

19  The parties agree to abide by and be bound by the terms of this Order upon
20  signature hereof as if the Order had been entered on that date.

21

22  Date: April ___, 2009                    By:_____

23                                                   **GREENBERG TRAURIG, LLP**
                                                     Jeffrey K. Joyner
24                                                   Valerie W. Ho
                                                     Jeffrey F. Yee
25                                                   Kamran Salour

26

27                                                   Attorneys for SILVERLIT TOYS
                                                     MANUFACTORY LTD. and SPIN
28                                                   MASTER LTD.

16

1

2

3

Date: April ___, 2009                         By:_____

                                                        Darrell Olson

4

5

                                              Attorneys for ROOFTOP GROUP
                                              USA, INC.

6

7

8

**IT IS SO ORDERED** that the foregoing provisions of this Order shall govern and

9

control the disclosure, dissemination, and use of confidential information produced

10

in this action.

11

12

**4/14/09**

13

_____

14

Hon. Patrick J. Walsh

Magistrate Judge of the U.S. District Court

15

Central District of California

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT A

2

## UNITED STATES DISTRICT COURT

3

## CENTRAL DISTRICT OF CALIFORNIA

4

## WESTERN DIVISION

5

6

| | |
|---|---|
| SILVERLIT TOYS MANUFACTORY, LTD., a Hong Kong company, and SPIN MASTER LTD., a Canadian corporation, | Case No. CV 08-07631-CBM (PJWx) |
| | |
| Plaintiffs and Counterdefendants, | **DECLARATION** |
| v. | |
| | Judge:        Hon. Patrick J. Walsh |
| ROOFTOP GROUP USA, INC. a California corporation, | Courtroom:   827A |
| | |
| Defendant and Counterclaimant. | |

7

8

9

10

11

12

13

14

15

**DECLARATION OF** _____ (Name of

16

Declarant)

17

I, _____, of _____

18

declare under the penalty of perjury as follows:

19

1.      My address is _____

20

_____

21

2.      If I am a/an expert/vendor/investigator/translator/jury consultant/mock

22

jury member, a copy of my curriculum vitae is attached [where applicable].

23

3.      My present occupation or job description is _____

24

_____

25

_____.

26

4.      I have received a copy of the Joint Stipulated Protective entered in this

27

action on _____.

28

6. I have carefully read and understood the provisions of the Joint Stipulated Protective Order.

7. I agree to comply with and be bound by all of the provisions of the Joint Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

8. I solemnly promise that I will hold in confidence, and not disclose, in any manner any information or item that is subject to the Joint Stipulated Protective Order to anyone not designated in the Stipulated Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the parties to this action, any information or documents designated as "Confidential" and/or "Highly Confidential-Outside Counsel Only."

9. I will return all documents designated as "Confidential" and/or "Highly Confidential-Outside Counsel Only" that may come into my possession, and documents or things which I may prepare relating thereto, to Outside Counsel for the party who disclosed or furnished such documents to me promptly upon the request of  Counsel for such party, or, if applicable, upon the request of  Counsel by whom I have been retained, or upon the conclusion of this action.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Joint Stipulated Protective Order and of the terms of this Declaration.

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.


_____
(Signature)